IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GARY WILLIAM HALLFORD,

        Plaintiff,　　　　　　　　No. CIV S-11-1827 MCE CKD P

   vs.

LOGAN, et al.,

        Defendants.　　　　　　　　<u>ORDER AND</u>

　　　　　　　　　　　　　/　　　　　　　<u>FINDINGS AND RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

1

1  forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's
2  account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).
3            The court is required to screen complaints brought by prisoners seeking relief
4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.
5  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised
6  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be
7  granted, or that seek monetary relief from a defendant who is immune from such relief.  28
8  U.S.C. § 1915A(b)(1),(2).
9            A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16           In order to avoid dismissal for failure to state a claim a complaint must contain
17 more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
18 of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
19 words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
20 statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
21 claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
22 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
23 draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129
24 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be
25 granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200
26 /////

1  (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
2  Rhodes, 416 U.S. 232, 236 (1974).
3       Plaintiff's allegations in his complaint concern the prisoner grievance process at
4  his place of incarceration.  Essentially, plaintiff alleges the processing of grievances is
5  unnecessarily delayed, the grievance process is made overly complicated and grievances are
6  wrongfully denied.
7       The problem with plaintiff's claims concerning the grievance process is that he
8  has no federal right to a specific form of prisoner grievance process.  Ramirez v. Galazza, 334
9  F.3d 850, 860 (9th Cir. 2003).  Of course, as plaintiff indicates, plaintiff is required to exhaust
10 administrative remedies via the prisoner grievance process with respect to any claim brought
11 against a California Department of Corrections and Rehabilitation employee in this court.  42
12 U.S.C. § 1997e(a).  But, any perceived flaws in the grievance process should be raised in
13 opposition to a motion to dismiss for failure to exhaust administrative remedies, not as a
14 freestanding federal claim.
15      For these reasons, the court will recommend that plaintiff's complaint be
16 dismissed for failure to state a claim upon which relief can be granted.
17      In accordance with the above, IT IS HEREBY ORDERED that:
18      1. Plaintiff's request for leave to proceed in forma pauperis is granted.
19      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
20 All fees shall be collected and paid in accordance with this court's order to the Director of the
21 California Department of Corrections and Rehabilitation filed concurrently herewith.
22      IT IS HEREBY RECOMMENDED that:
23      1. Plaintiff's complaint be dismissed for failure to state a claim upon which relief
24 can be granted; and
25      2. This case be closed.
26 /////

1    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 14, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

---

[1] hall1827.frs